UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY PECOVER, et al., <br> Plaintiff(s), <br> v. <br> ELECTRONIC ARTS INC., <br> Defendant(s). | No. C08-2820 VRW (BZ) <br><br> **THIRD DISCOVERY ORDER** |

Before the Court is plaintiffs' request for the production of certain pricing and marketing documents for the 2001-2004 period. In its opposition, defendant agreed to produce many of the requested documents. In their reply, plaintiffs state that the defendant's proposed production is deficient in four respects.

First, they find defendant's representation that certain documents do not exist not credible. However, the Court takes the representation at face value under Rule 11 and will not order further production merely because plaintiffs believe documents must exist. If in discovery, plaintiffs learn that the requested documents do exist and defendant has not been

1

candid with the Court, plaintiffs will have their remedy.

Second, plaintiffs complain that defendant has not specified a production date. **IT IS HEREBY ORDERED** that the additional documents described in the opposition shall be produced by August 24, 2009.

Third, this ruling does not affect future discovery.

Fourth, plaintiff is correct that defendant has not provided the Court with a precise estimate of how expensive or burdensome producing the remaining documents would be. However, the Court is satisfied that defendant has shown that the cost is likely to exceed a million dollars. More importantly, plaintiffs have not met their burden of establishing that the relevance of the requested documents justifies any substantial cost. Essentially, Professor MacKie-Mason makes two related points in his somewhat conclusory declaration. He declares that absent further documents for him to review, his opinion will be subject to challenge on the grounds that had he reviewed documents from earlier years, his opinions would have been more reliable and his damage estimates might have been more conservative. The solution to these concerns is not to require defendant to spend more than a million dollars but to preclude defendant from challenging any opinion that Professor MacKie-Mason renders on such grounds.

Accordingly, **IT IS ORDERED** that plaintiffs' request for additional documents is **DENIED**. However, defendant is precluded from challenging any opinions that Professor MacKie-Mason renders on the grounds that those opinions would

have been different or more reliable had he reviewed documents from the 2001-2004 time period which defendants objected to producing and did not produce because of this Order.

Dated: August 18, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\PECOVER V. ELECTRONIC ARTS\DISC ORD3.wpd