1
2
3
4
5
6
7         IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 GEOFFREY PECOVER and JEFFREY       No   C 08-2820 VRW
LAWRENCE, on Behalf of Themselves
11 and All Others Similarly            ORDER
Situated,
12
      Plaintiffs,
13
      v
14
ELECTRONIC ARTS INC, a Delaware
15 Corporation

16       Defendant.
      _____/
17

18

19       Plaintiffs object (Doc #67) to an August 19, 2009

20 discovery order (Doc #64) issued by Magistrate Judge Zimmerman that

21 denied them certain historical discovery.  At the court's

22 direction, defendant filed a reply to plaintiffs' objection on

23 October 16, 2009.  Doc #70.

24       A district court will modify or set aside a magistrate

25 judge's ruling on a non-dispositive matter if the ruling is found

26 to be clearly erroneous or contrary to law.  FRCP 72(a); Rivera v

27 NIBCO, Inc, 364 F3d 1057, 1063 (9th Cir 2004); Cyntegra, Inc v

28 IDEXX Laboratories, Inc, 332 Fed Appx 569, 571 (9th Cir 2009).

Plaintiffs contend that the discovery order is both contrary to law and clearly erroneous because Magistrate Judge Zimmerman erred in: (1) denying plaintiffs historical discovery regarding market dynamics, market definition and competition; (2) assigning the burden to plaintiffs to articulate specific documents available for the 2001-2003 period; (3) assuming costs of production would total over one million dollars when defendant did not provide evidence supporting this assumption and (4) ruling that the production of documents would be unduly burdensome without having considered the factors of FRCP 26. Doc # 67 at 9-16.

Plaintiffs are correct in stating that they "are entitled to discovery 'regarding any nonprivileged matter that is relevant to any party's claim or defense.'" Doc #67 (citing FRCP 26(b)(1). But this entitlement is not without limits. FRCP 26(b)(2)(C).

Having considered the submissions of the parties, the court cannot find that Magistrate Judge Zimmerman's ruling was "clearly erroneous or contrary to law." Plaintiffs' contentions are insufficient to breach this standard because the August 19 order appears reasonable in its conclusion that the plaintiffs have not met their burden in establishing that the relevance of the requested documents justifies any substantial cost. While the plaintiffs further challenge the accuracy of the August 19 order's million-dollar figure, Doc # 67 at 14-15, the court is satisfied by defendant's representations that this figure is but a fraction of its estimate. Doc #70 at 12-13. To paraphrase Magistrate Judge Zimmerman, if plaintiffs learn that defendant has not been candid with the court, plaintiffs may pursue a different sort of remedy at the conclusion of this case. Doc #64 at 2.

Accordingly, the court concludes that Magistrate Judge Zimmerman's order was not clearly erroneous or contrary to law. Plaintiffs' objection (Doc #67) is OVERRULED.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge